UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL MARR,

                Petitioner,

                                    CASE NO. 2:07-CV-11348
v.                                  HONORABLE GERALD E. ROSEN

SHIRLEE HARRY,

                Respondent.

_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED ON APPEAL IN FORMA PAUPERIS

### I.      Introduction

Michael Marr ("Petitioner"), a Michigan prisoner, has filed a *pro se* petition for writ of

habeas corpus asserting that he is being held in violation of his constitutional rights.  Petitioner

pleaded *no lo contendere* to assault with intent to rob while armed, Mich. Comp. L. § 750.89, in

the Wayne County Circuit Court in 2004 and was sentenced to nine to 20 years imprisonment.

In his pleadings, Petitioner raises claims concerning the voluntariness of his plea, the

effectiveness of defense counsel, and the state court's denial of an evidentiary hearing.  For the

reasons set forth herein, the Court denies the petition for writ of habeas corpus.  The Court also

denies a certificate of appealability and leave to proceed on appeal *in forma pauperis*.

### II.     Facts and Procedural History

Petitioner's conviction arises from an assault which occurred during the course of a

robbery or attempted robbery in Detroit, Michigan on March 27, 2004.  The parties stipulated to

the following facts at the plea hearing:

> From the investigator's report of the fourth precinct of the Detroit Police
> Department, this crime took place on March the 27th of 2004 at 3:30 a.m. in the
> area of 8417 Cahalan Street in the City of Detroit.
>
> On that date at that time, the defendant Natalie Marie Ortiz approached the
> complainant who was seated in a car with two other complainants Jose Garcia and
> Tina Garcia approached that vehicle on the driver's side.
>
> The defendant Michael Marr approached the passenger's side and asked where is
> Vernor Street. The complainant got out of the car and was explaining where
> Vernor Street was when the defendant Ortiz stated this is a stick-up. Give me
> your wallet.
>
> Michael Marr, the second defendant then pulled complainant number one, Mr.
> Santiago Roldan, out of the vehicle and sprayed him with some pepper spray and
> then fled the area.

Plea Hrg. Tr., pp. 13-14.

Petitioner was subsequently arrested and charged with assault with intent to rob while

armed and with being a fourth habitual offender. On July 19, 2004, the day set for trial, he

pleaded *no lo contendere* to assault with intent to rob while armed in exchange for dismissal of

the habitual offender notice and an agreement that he would be sentenced to nine to 20 years

imprisonment. On August 10, 2004, the trial court sentenced Petitioner to nine to 20 years

imprisonment in accordance with the plea agreement.

Following sentencing, Petitioner filed a motion to withdraw his plea and a request for an

evidentiary hearing with the trial court asserting that his plea was involuntary due to the

ineffective assistance of counsel. Following a hearing, the trial court denied Petitioner's motion

and evidentiary hearing request. The court found that Petitioner's plea was knowing and

voluntary and that he had failed to make an offer of proof to warrant an evidentiary hearing.

*People v. Marr*, No. 04-4031-02 (Wayne Co. Cir. Ct. Sept. 13, 2005). Petitioner filed a delayed

application for leave to appeal with the Michigan Court of Appeals raising the same claim, which was denied for lack of merit in the grounds presented. *People v. Marr*, No. 265591 (Mich. Ct. App. Dec. 6, 2005) (unpublished). Petitioner also filed an application for leave to appeal with the Michigan Supreme Court, which was denied in a standard order. *People v. Marr*, 474 Mich. 1129, 712 N.W.2d 484 (2006).

Petitioner thereafter filed the present habeas petition, asserting that: (1) his plea was involuntary due to the denial of counsel at a critical stage; (2) his plea was involuntary due to the ineffective assistance of counsel; (3) he was/is entitled to an evidentiary hearing; and (4) the state court decisions are contrary to clearly established federal law. Respondent has filed an answer to the petition contending that it should be denied for lack of merit.

## III.    Analysis

### A.    Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, governs this case because Petitioner filed his habeas petition after the AEDPA's effective date. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d) (1996).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)); *see also Bell v. Cone*, 535 U.S. 685, 694 (2002). "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694. However, "[i]n order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409.

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *See Williams*, 529 U.S. at 412; *see also Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003). Section 2254(d) "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002); *see also Mitchell*, 540 U.S. at 16.

While the requirements of "clearly established law" are to be determined solely by the holdings of the Supreme Court, the decisions of lower federal courts are useful in assessing the reasonableness of the state court's resolution of an issue. *See Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Dickens v. Jones*, 203 F. Supp. 354, 359 (E.D. Mich. 2002).

Lastly, a state court's factual determinations are entitled to a presumption of correctness on federal habeas review. *See* 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption with clear and convincing evidence. *See Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).

In this case, the Michigan Court of Appeals denied leave to appeal for "lack of merit in the grounds presented," and the Michigan Supreme Court denied leave to appeal in a standard order. When a state court disposes of a constitutional claim without articulating its analysis, "modified" deferential review is required. *See Maldonado v. Wilson*, 416 F.3d 470, 475-76 (6th Cir. 2005); *Howard v. Bouchard*, 405 F.3d 459, 467 (6th Cir. 2005). Under the modified standard, a federal habeas court must conduct an independent review of the record and applicable law to determine whether, under the AEDPA standard, the state court decision is contrary to federal law, unreasonably applies clearly established law, or is based on an unreasonable determination of the facts in light of the evidence presented. The independent review, however, is not a full *de novo* review of the claims. *See Harris v. Stovall*, 212 F.3d 940, 943 (6th Cir. 2000). "This standard of review requires the court to conduct a careful review of the record and applicable law, but nonetheless, bars the court from reversing unless the state court's decision is contrary to or an unreasonable application of federal law." *Maldonado*, 416 F.3d at 476 (citing *Howard* and *Harris*). With this standard in mind, the Court will consider

each of Petitioner's claims.

**B.    Involuntary Plea Claim**

Petitioner asserts that he is entitled to habeas relief because his *no lo contendere* plea was involuntary.  When a petitioner is convicted as a result of a plea, habeas review is limited to whether the plea was made voluntarily, intelligently, and knowingly.  *See United States v. Broce*, 488 U.S. 563 (1989); *Boykin v. Alabama*, 395 U.S. 238 (1969).  A plea is voluntary if it is not induced by threats or misrepresentations and the defendant is made aware of the direct consequences of the plea.  *See Brady v. United States*, 397 U.S. 742, 755 (1970).  The voluntariness of a plea "can be determined only by considering all of the relevant circumstances surrounding it."  *Id.* at 749.  The plea is intelligent and knowing where there is nothing to indicate that the defendant is incompetent or otherwise not in control of his or her mental faculties, is aware of the nature of the charges, and is advised by competent counsel.  *Id.* at 756. The plea must be made "with sufficient awareness of the relevant circumstances and likely consequences."  *Id.* at 748.

In this case, the state court record reveals that Petitioner's plea was knowing and voluntary.  At the time of his plea, Petitioner was 38 years old and had a college education.  He also had significant prior experience with the criminal justice system.  There is no indication that Petitioner suffered from any medical or mental health condition that impaired his ability to understand his criminal proceedings or the nature of his plea.  Petitioner responded appropriately to the court's questions and stipulated to a factual basis for his plea indicating that he had assaulted someone during the course of a robbery incident.  Petitioner was represented by legal counsel and conferred with counsel during the plea process.  The trial court advised

Petitioner of his trial rights and the fact that he would be giving up those rights by pleading guilty. The court discussed the plea and sentencing agreement and informed Petitioner of the maximum sentence he faced upon conviction. Petitioner indicated that he was pleading *no lo contendere* of his own free will and had not been coerced or threatened. He also indicated that no promises, other than those contained in the plea and sentencing agreement, had been made to him to induce him to tender his plea.

Petitioner claims that defense counsel mishandled his case and coerced him to accept a plea. Petitioner has not established that counsel misadvised him about his case or his plea. Moreover, even if Petitioner was somehow misinformed by counsel, he is not entitled to habeas relief. A trial court's proper plea colloquy cures any misunderstandings that a defendant may have about the consequences of a plea. *See Ramos v. Rogers*, 170 F.3d 560, 565 (6th Cir. 1999); *see also Boyd v. Yukins*, 99 Fed. Appx. 699, 703 (6th Cir. 2004). The record demonstrates that the trial court conducted a proper colloquy. Additionally, Petitioner's assertion that defense counsel pressured him into pleading *no lo contendere* conflicts with his sworn testimony at the plea hearing in which he denied being coerced and stated that he was entering a plea of his own free will. There is no evidence that defense counsel strong-armed Petitioner or used coercive tactics to get him to accept the plea and sentencing agreement. Petitioner's assertion that he was coerced is belied by the record. Having reviewed the record, the Court is satisfied that Petitioner's plea was knowing, intelligent, and voluntary.

## C.    Ineffective Assistance of Counsel Claim

Petitioner relatedly asserts that he is entitled to habeas relief because defense counsel was ineffective, thereby rendering his plea involuntary. The United States Supreme Court has

set forth a two-part test for evaluating the claim of a habeas petitioner who is challenging a plea

on the ground that he was denied his Sixth Amendment right to the effective assistance of

counsel. First, the petitioner must establish that "counsel's representation fell below an

objective standard of reasonableness." *Hill v. Lockhart*, 474 U.S. 52, 57-58 (1985) (quoting

*Strickland v. Washington*, 466 U.S. 668, 688 (1984)). To demonstrate that counsel's

performance fell below this standard, a petitioner must overcome the "strong presumption that

counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*,

466 U.S. at 689.

Second, if the petitioner satisfies the first prong of this test, the petitioner must then

demonstrate that counsel's performance resulted in prejudice, *i.e.*, "that there is a reasonable

probability that, but for counsel's errors, [he/she] would not have pleaded guilty and would have

insisted on going to trial." *Hill*, 474 U.S. at 59. The Supreme Court has explained that "[i]n

many guilty plea cases, the 'prejudice' inquiry will closely resemble the inquiry engaged in by

courts reviewing ineffective-assistance challenges to convictions obtained through a trial." *Id*.

The Supreme Court has also emphasized that "these predictions of the outcome at a possible

trial, where necessary, should be made objectively, without regard for the 'idiosyncracies of the

particular decisionmaker.'" *Id.* at 59-60 (quoting *Strickland*, 466 U.S. at 695).

Petitioner first asserts that defense counsel was ineffective for failing to investigate his

case and take certain actions during the pre-plea period. He claims that this resulted in a

constructive denial of counsel at a critical stage. Claims about the deprivation of constitutional

rights that occur before the entry of a guilty or *no lo contendere* plea, however, are

foreclosed by that plea. *See United States v. Broce*, 488 U.S. 563, 569 (1989); *Tollett v.*

*Henderson*, 411 U.S. 258, 267 (1973). The United States Supreme Court has explained:

> [A] guilty plea represents a break in the chain of events which has preceded it in
> the criminal process. When a criminal defendant has solemnly admitted in open
> court that he is in fact guilty of the offense with which he is charged, he may not
> thereafter raise independent claims relating to the deprivation of constitutional
> rights that occurred prior to the entry of the guilty plea. He may only attack the
> voluntary and intelligent character of the guilty plea by showing that the advice
> he received from counsel was not within [constitutional standards].

*Tollett*, 411 U.S. at 267. Simply stated, a defendant who pleads guilty or *no lo contendere*

generally waives any non-jurisdictional claims that arose before his plea. In such a case, the

Court's inquiry is limited to whether the plea was knowing, intelligent, and voluntary. *See*

*Broce*, 488 U.S. at 569. Accordingly, Petitioner's claim that defense counsel was ineffective for

failing to investigate his case or take other actions during the pre-trial period is foreclosed by

his plea and Petitioner is not entitled to relief on such a basis.

Petitioner also asserts that defense counsel was ineffective for advising him to plead

guilty rather than requesting a continuance, investigating witnesses, and preparing a defense for

trial. It is true that defense counsel has a duty to conduct a reasonable investigation into the

facts of a defendant's case, or to make a reasonable determination that such investigation is

unnecessary. *See Strickland*, 466 U.S. at 690-91; *Lundgren v. Mitchell*, 440 F.3d 754, 771 (6th

Cir. 2006); *O'Hara v. Wiggington*, 24 F.3d 823, 828 (6th Cir. 1994) (failure to investigate,

especially as to key evidence, must be supported by a reasoned and deliberate determination

that investigation was not warranted). Petitioner, however, has not established that counsel was

deficient for advising him to accept a plea. The record reveals that Petitioner was charged with

assault with intent to rob while armed and fourth habitual offender, and that he faced a life

sentence.  Petitioner admits that he met with counsel before trial, that he informed counsel of his version of events, and that counsel filed a motion to sever Petitioner's trial from that of his co-defendant, Natalie Ortiz.  Defense counsel advised Petitioner to consider a plea upon learning that co-defendant Ortiz had accepted a plea deal and had agreed to cooperate with the authorities.  Counsel did not believe that Petitioner could prevail at trial.  Given such circumstances, counsel reasonably advised Petitioner to accept a plea with a sentencing agreement of nine to 20 years imprisonment.  Defense counsel's strategy in pursuing a plea agreement and foregoing other avenues of defense was reasonable given the nature of the case and the circumstances that evolved just prior to trial.

Although Petitioner claims that counsel could have produced witnesses to impeach co-defendant Ortiz's testimony, the only evidence provided by Petitioner is an un-notarized affidavit from Douglas Wethington which states that he knew Petitioner and Natalie Ortiz, that Ortiz had a reputation for engaging in prostitution for drug money, that Ortiz had asked him to protect her while engaged in such activities, and that Ortiz had told him that she had robbed men on those occasions.  However, such evidence, even if admissible, is not particularly impeaching given the nature of the crime, nor is it exculpatory.  In fact, such testimony could have been used against Petitioner to show that he was aware of his co-defendant's intent to commit a robbery.  Petitioner has failed to show that defense counsel erred or acted unreasonably in advising him to accept the plea and sentencing agreement in this case.

Further, Petitioner has not established that but for defense counsel's alleged errors there is a reasonable probability that he would not have pleaded *no lo contendere* and would have insisted on going to trial.  *See Hill*, 474 U.S. at 58-59.  By entering a plea, Petitioner was able to

avoid a fourth habitual offender enhancement and reduce his maximum sentencing exposure from life imprisonment to a term of 9 to 20 years imprisonment. The matters which he believes should have been further investigated by counsel do not establish his innocence nor cast doubt upon the reliability of the proceedings. Under such circumstances, Petitioner cannot prevail on his ineffective assistance of counsel claim. Habeas relief is not warranted.

### D.     Evidentiary Hearing Claim

Lastly, Petitioner asserts that he is entitled to habeas relief because the state courts failed to grant him an evidentiary hearing on his claims. Petitioner essentially claims that the state courts violated state law in denying his plea withdrawal and evidentiary hearing requests. However, a state court's alleged failure to properly apply state law or its own procedural rules, even if well-established, is not cognizable on federal habeas review. This Court's power to grant a writ of habeas corpus only extends to errors in the application of federal law. *See,e,g., Estelle v. McGuire*, 502 U.S. 62, 67-68 (1975). Habeas relief is unavailable for errors of state law and a federal court will not review a state court's decision on a matter of state law. *See Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Long v. Smith*, 663 F.2d 18 (6th Cir. 1981). To the extent that Petitioner asserts that the trial court violated state law in denying his evidentiary hearing request, he is not entitled to habeas relief. Further, given the Court's determination that the foregoing claims lack merit, Petitioner has not shown the need for an evidentiary hearing.

## IV.     Conclusion

For the reasons stated, the Court concludes that the state courts' denial of relief is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts. Petitioner is not entitled to federal habeas relief on the claims contained in his

petition. Accordingly, the Court **DENIES WITH PREJUDICE** the petition for writ of habeas corpus.

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability ("COA") must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the claims. *Id*. at 336-37.

A district court, in its discretion, may decide whether to issue a COA at the time the court rules on the habeas petition or may wait until a notice of appeal is filed to make such a determination. *See Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002). Having considered the matter, the Court concludes that Petitioner has not made a substantial showing of the denial of a constitutional right as to his habeas claims. The Court, therefore, **DENIES** a certificate of appealability.

Lastly, the Court concludes that Petitioner should not be granted leave to proceed on

appeal *in forma pauperis* as any appeal would be frivolous.  *See* Fed. R. App. P. 24(a).

Accordingly, the Court also **DENIES** Petitioner leave to proceed on appeal *in forma pauperis*.

**IT IS SO ORDERED**.


s/Gerald E. Rosen
Gerald E. Rosen
United States District Judge

Dated:  October 22, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 22, 2008, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry
Case Manager